IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02225-BNB

PHILLIP DWAYNE JOSEPH,

   Plaintiff,

v.

ARAPAHOE COUNTY SHERIFF'S DEPT., and
ARAPAHOE SHERIFF'S MEDICAL PROVIDER,

   Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 13 2006

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Phillip Dwayne Joseph is a prisoner in the custody of the Colorado Department of Corrections at the Fort Lyon Correctional Facility in Fort Lyon, Colorado. Mr. Joseph has filed *pro se* a Prisoner Complaint complaining about the medical care he received while he was incarcerated at the Arapahoe County Detention Facility in Centennial, Colorado. The court must construe the complaint liberally because Mr. Joseph is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Joseph will be ordered to file an amended complaint.

The court has reviewed the complaint filed in this action and finds that the claims being asserted are not clear. Mr. Joseph apparently claims that his constitutional rights were violated because he was denied adequate medical care at the Arapahoe County Detention Facility, although he does not specifically state that he is asserting

constitutional claims. Assuming that Mr. Joseph is asserting constitutional claims in this action, he fails to allege facts sufficient to demonstrate that the two entities named as Defendants violated his constitutional rights. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Mr. Joseph may not hold the named Defendants liable for the actions of individuals employed by those entities on the basis of respondeat superior. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Joseph will be ordered to file an amended complaint to clarify the claims he is asserting and against whom those claims are being asserted. Mr. Joseph is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." **Conn v. Gabbert**, 526 U.S. 286, 290 (1999). Therefore, Mr. Joseph should name as Defendants in the amended complaint the individuals or entities he believes actually violated his constitutional rights. To establish personal participation, Mr. Joseph must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993).

Finally, Mr. Joseph also must clarify in the amended complaint he will be ordered to file how he exhausted administrative remedies for his medical treatment claims. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison

conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Joseph must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

Mr. Joseph alleges that there is no formal grievance procedure at the prison in which he is confined. However, that does not excuse the exhaustion requirement because the medical treatment claim he is asserting arose at the Arapahoe County Detention Facility and not the prison in which he currently is confined. Mr. Joseph's allegation that he filed a notice of intent to pursue legal action does not demonstrate that he exhausted administrative remedies at the Arapahoe County Detention Facility. Mr. Joseph's allegation that he gave a grievance to the Arapahoe County Sheriff's medical provider also does not provide specific information to demonstrate that he exhausted administrative remedies. Mr. Joseph must clarify when he filed his grievance, the specific issues that he raised in the grievance, and whether he completed the grievance procedure that exists at the Arapahoe County Detention Facility. Accordingly, it is

ORDERED that Mr. Joseph file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Joseph, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Joseph fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED November 13, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02225-BNB

Phillip D. Joseph
Prisoner No. 131895
Fort Lyon Corr. Facility
P.O. Box 1000
Ft. Lyon, CO 81038

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 11/13/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk